# Walker *against* Anshutz.

An undertaker, who contracts to furnish materials and build a steamboat for another, is not entitled to the benefits of the Act of Assembly giving liens to mechanics and material men.

ERROR to the District Court of *Allegheny* county.

Samuel Walker against The Steamboat St. Louis, Augustus Anshutz, owner. It appeared by an article of agreement, entered into on the 2d of January 1843, between Samuel Walker, the libellant, and Augustus Anshutz, the respondent, that Samuel Walker agreed to construct the hull of a steamboat scow, the St. Louis, to be delivered to Anshutz sometime in the month of March ensuing the date of the contract, to be paid for at various times, in orders upon different individuals, and the balance by Anshutz's own notes, to fall due at six and twelve months after the delivery. The delivery of the boat was delayed until June, at which time she was received by Anshutz, who went on to complete her by furnishing her with an engine, and equipping her for her ultimate destination, and in this condition she was libelled for a debt due

to the builder, Samuel Walker, as he alleged, of about $3000. The boat was built at Elizabethtown and delivered at Pittsburgh. The mere hull being all that Mr Walker contracted for and delivered.

SHALER, (President), on a rule to show cause why the attachment should not be dissolved, made the same absolute, on the ground that the libellant was not entitled to the benefit of the provisions of the Act of Assembly made for the relief of mechanics and material men.

PER CURIAM.—The principle which governs this case, was settled in *Jones* v. *Shawhan.* If I can contract with another to sell and deliver me a steamboat at a day certain, there is no reason why he should have a lien on it after having parted with the property unconditionally, whether the boat be a new, or an old one; whether it be finished or unfinished, provided it answers the description in the contract; or whether the vendor had himself purchased it or built it with his own hands. The statute was not made for such a case. Mechanics and material men may follow the product of their labour or materials wherever they can find it. But the owner of a boat, built by himself, sells it as he would any other chattel, on the personal credit of the buyer, where he expressly takes no other security. If the personal responsibility of the buyer prove insufficient, the seller has made a bad bargain, and he has himself to blame for not having taken the proper precaution; but he cannot resort to the security provided by the statute for a different class of creditors. The cause seems to have been well tried on its merits, and we perceive no error in it.

Judgment affirmed.