## Steamboat Dictator, Donaldson *et al. versus* Heath.

1. Under a contract to build a cabin on the hull of steamboat at Pittsburg, the contractor has a lien by the Act of April 20th 1858, relating to attachment of vessels on the Allegheny, Monongahela and Ohio rivers.

2. The contract provided that the work should be done after the model of another boat, under the direction of the captain, who was also part owner. Conversations with him, directing the work to be done in a different and more expensive manner, and agreeing to pay for it, did not impeach the written contract and were admissible in evidence.

3. A witness was sworn and testified; it was alleged his testimony showed that he was interested; the proper course would have been to ask the court to strike it out or direct the jury to disregard it.

November 13th 1867. Before THOMPSON, STRONG, READ and AGNEW, JJ. WOODWARD, C. J., absent.

[Steamboat Dictator *v.* Heath.]

Error to the Court of Common Pleas of *Allegheny county:* No. 82, to October and November Term 1867.

This proceeding was an attachment by John Heath against the Steamboat Dictator and William B. Donaldson and others, master and owners. The libel was filed September 16th 1865. The plaintiff gave in evidence an agreement made September 3d 1864 between Heath and Donaldson, by which Heath agreed " to build, finish and complete (furnishing all the materials for the same), a steamboat cabin upon a hull 250 feet keel, to be delivered at the Pittsburg wharf, by said Donaldson, * * * as the cabin of the steamboat 'Missouri,' excepting the nursery," &c. (specifying several parts of the cabin), " are to be built, &c., in such style and manner as said Donaldson shall direct." " All to be done, &c., as required by said Donaldson, and as he may direct, within six weeks, &c., and without any charge or extra allowance whatever." For which Donaldson was to pay Heath $9000—one-half whilst the work was progressing and when completed, and the remainder in two equal notes at four and six months from the completion.

In addition to part of the contract-price which was unpaid, the plaintiff claimed to recover compensation for extra work done. One Isaac Gullett, a steamboat cabin builder, had done the work under the plaintiff Heath.

The plaintiff proposed to ask Munn, a witness called by him, to " state whether you heard any conversation between Captain Donaldson and Gullett in regard to any additional brackets to be placed in cabin on boat." He also offered to prove, that while the work was in progress, Capt. Donaldson ordered and directed an extra finish and brackets to be placed in the cabin, which was not embraced in the contract, and that Capt. Donaldson said that he would pay for the same, in addition to the contract-price.

Both offers were objected to by the defendants, but admitted, and bills of exception sealed.

The witness testified : " Heard Donaldson and Gullett speaking of change in brackets in cabin at one time. Gullett had two brackets, one plain and one ornamental. He showed them to Donaldson ; explained that there would be difference. Donaldson preferred the ornamental. Don't know anything about the agreement for price. Gullett said that the alteration had better be put in the article. Donaldson said, Mr. Gullett, it is not necessary ; you know me well enough ; I will do what is right with you."

The plaintiff then called Isaac Gullett. The defendants objected to him on the ground of interest, as shown by the preceding witness, and also to his testimony as to conversations between himself and Donaldson ; both objections were overruled, and several bills of exception sealed.

The witness testified that he had done the work claimed for at

the direction of Donaldson, and stated its value. On cross-examination he said: "My contract with Heath was, that he was to furnish all materials to complete the job, pay all bills, and if there was anything left I was to get it. I have settled with Mr. Heath for this boat within the last three months."

The defendants' 1st point was:—

John Heath, the attaching-creditor, can only recover in this attachment the value of the materials furnished in the construction or building of the "Dictator."

This point was reserved by the court (Stowe, A. J.), who said in his charge:—

"The only matter in which there can be any recovery for extra compensation under the evidence, is such as was not put under the direction of Donaldson, by the article of agreement."

The verdict was for the plaintiff for $5101.20, and judgment was afterwards entered on it for the plaintiff on the reserved point. The defendants took out a writ of error.

The errors assigned were:—

1. The court erred in refusing to affirm the defendants' 1st point.

2. In admitting evidence under the plaintiff's offer to prove conversations between Capt. Donaldson and Isaac Gullett.

3. In admitting Isaac Gullett as a witness.

*T. M. Marshall*, for plaintiffs in error, cited Walker *v.* Anshutz, 6 W. & S. 519.

*J. Barton* and *S. A. Purviance*, for defendant in error, referred to Walker *v.* Anshutz, 6 W. & S. 519; Acts of June 13th 1836, § 3, Pamph. L. 616; April 20th 1858, § 1, Pamph. L. 363, Purd. 62, 64, pl. 3, 20.

The opinion of the court was delivered, January 7th 1868, by

THOMPSON, C. J.—The case of Walker *v.* Anshutz, 6 W. & S. 519, does not apply to this case. That was a contract to build and sell to the defendant a steamboat for a certain sum. It was held that the Lien Law of June 1836, relating to vessels, did not apply to a builder of a vessel under a contract to build and deliver for a fixed price.

This was a proceeding under the Act of 20th April 1858, for work and materials furnished on a contract to build and finish a cabin on the steamboat "Dictator," for the defendant. That act allows a lien "for all debts *contracted* by the owner or owners, agent, consignee, master, clerk or clerks of such ship, steamboat or other boats or vessels of whatever kind, character or description, for or on account of work and labor done or materials furnished by boat-builders, engine-builders, boiler-makers, lumber,

boat-stores and provision furnishers, carpenters, blacksmiths, &c., &c., in the building, repairing, fitting, furnishing or equipping such ships, steam or other boats or vessels," &c. The contract here was with the owners of the boat for building a cabin, and that was work and materials within the statute. It comes within the term building; if not, it comes within one or other of the terms repairing or fitting, or both.

The steamboat was in the possession of the contractor, and the work was done on it while in his possession and control; and if the law allows no lien in such a case, there is nothing to prevent the owner going to sea without paying, and the contractor would have no security. That there was a bargain for the work to be done, did not take the case out of the statute. Because done under contract, stipulating for what was to be done, it was no less a debt contracted for the use of the boat than if every piece had been contracted for separately. Even if notes had been given for the contract price before or after the work had been done, the boat would have continued liable to the lien and attachment process, by the express words of the statute, which shows the intention of the legislature to favor this mode of securing to mechanics and material-men the fruits of their labor and value of their property. It will be remembered that the act is special and applies only to boats and vessels navigating the Allegheny, Ohio and Monongahela rivers, and has rather more scope than the Attachment Act of 1836. We are of opinion that the reserved point was properly decided and the error is not sustained. There is nothing in the suggestion that the plaintiff was not such a mechanic or material-man as was entitled to a lien under the act. That does not appear. And it does appear that the defendants contracted with him as such, and they cannot assert the contrary.

2. Nor do we discover anything like error in the admission of the conversation of Captain Donaldson, part owner and contractor for the work. He had, by the contract, the right to direct the manner and style in which the work was to be done. And if he directed it to be done in a more expensive manner or style than the model agreed on, viz., of the cabin on the "Missouri" or "Mississippi," the contract referring to the former, and the testimony to the latter, and agreed to pay for it, the defendants ought to be held for it. The lien would extend to that as well as to any other work done. The testimony of Gullett, if believed, showed very clearly the increased cost of performing certain parts of the work over the mode provided by the contract, and the order of Captain Donaldson that it should be done in the way it was done, and his promise to pay for the extra expense. To admit such evidence did not impeach the written contract.

3. When Isaac Gullett was sworn there was nothing appearing

[Steamboat Dictator *v.* Heath.]

against his competency. If anything showing a contrary state of the case came out afterwards, the court should have been asked to strike out his testimony or to charge the jury that it must be disregarded by them. That was not done; although it might have been. But the remark of the witness on cross-examination rested upon to show interest, was coupled with another, which fully counterbalanced it, and as both must be taken as part of the same declaration, it was for the jury to say which was correct or whether both or either were or were not.

We see no error in this part of the case.

There being no error in the record, the

Judgment is affirmed.