## THE NEW SCHOONER MAGGIE CAIN *et al. v.* WM. M. ·SHAKESPEARE.

A contract to build a vessel is a contract to be performed on land, and falling within the ordinary common law and belongs to State jurisdiction, and a State has a right to give a lien against her for work and materials entering into her construction.

Error to the District Court of Philadelphia.

Opinion delivered February 24, 1874, by

AGNEW, C. J. The lien given by the act of 13th of June, 1836, for work done and materials furnished in the building of ships and vessels of all kinds, is expressly confined to certain classes of tradesmen and mechanics, to wit, carpenters, blacksmiths, mastmakers, boatbuilders, blockmakers, ropemakers, sailmakers, riggers, joiners, carders, plumbers, painters, ship chandlers, and others named, concluding with lumber merchants. These are the individuals who actually do the work and furnish the materials for building and equipping the vessel, and evidently are not the general contractor who agrees to build the vessel for another. As to him, no lien is necessary, for he can always provide for his own security by his contract, and is not bound to deliver the vessel until paid for her, unless he choose by his agreement to do so. This is the very ground of the decision in Walker *v.* Nushutz, 6 W. & S. 519, a case directly in point. In the case before us, William Fisher and son were the owners of the schooner, to whom the libellant furnished the materials for her. The contract with Lathbury, Wickersham & Co. having fallen through, they were left with the unfinished hull on their hands, and in this condition they made their contract with Andrew Scull and others to build and finish the hull of a three-mast schooner, then in frame, for the sum of $18,000, payable in instalments as the work progressed, the last $2000 being payable when the schooner was finished. In no part of this contract is there any agreement to deliver before her completion, nor is such an intent discoverable. Clearly the persons thus contracting for a finished vessel were not entitled to possession until payment in full; so that title did not vest in them until the finishing of the vessel and delivery of possession. Fisher and son were, therefore, the owners when Shakespeare furnished the materials, for which he claimed his lien. The period of time between the abandonment of Lathbury, Wickersham & Co., and the new contract with Scull and others, was wholly immaterial in the case, for neither by the contract with Lathbury, Wickersham & Co., nor with Scull and others, did title or possession pass out of William Fisher and son—by neither were they bound to deliver the vessel before final payment. Hence the general finding of the jury was all that was necessary, and the special finding directed by the court was wholly immaterial, and did neither good nor harm so far as the final result was necessarily involved. The errors complained of in regard to the special verdict are, therefore, without injury, and need no correction. William Fisher and son being the owners of the vessel, this

fact disposes of all the errors specified, except that of jurisdiction. It is contended that a lien such as this, incurred in the building of a vessel, is not within the jurisdiction of a State court, but falls within the Federal jurisdiction, under the constitution of the United States, and must be enforced in an Admiralty Court. We do not think so. A contract to build a vessel is a contract to be performed on land, falling within ordinary common law, and belongs to the State jurisdiction. It differs not from a contract to build a wagon or a railroad car, made between citizens of the same State, and cannot be drawn into the Federal courts, because the vessel is intended to become a subject of maratime law. Whatever question may arise as to those liens, which the acts of 1836 seeks to enforce against a finished vessel, after she has entered her appropriate element, certainly there can be none as to liens upon a vessel for work and materials entering into her construction, before she has passed within the dominion of maratime law. Some dicta and District Court decisions to the contrary were overruled in People's Ferry Co. *v.* Beers, 20 Howard 393 ; Roach *v.* Chapman, 22 Howard 129.

Finding no error in the record, the judgment is affirmed.