## Hazelwood Dock Co., Appellant, v. One House Boat.

*Maritime liens—Liens—Boats—Contract—Acts of June 13, 1836, P. L. 616; April 20, 1858, P. L. 363, and June 24, 1895, P. L. 251.*

When one builds a boat, furnishing all the labor and materials and then sells the boat upon credit, the statutes give him no lien for the unpaid balance of purchase-money; and when he contracts to build a boat to be delivered to another at a fixed price after its

completion, he remaining the owner during the process of construction and until delivery, and then delivers the boat without taking security for the purchase-money, he cannot subsequently assert a lien upon the boat by virtue of any provision in the Acts of June 13, 1836, P. L. 616; April 20, 1858, P. L. 363, or June 24, 1895, P. L. 251.

Where a corporation agrees in writing to deliver a house boat of certain style and dimensions, without stating whether it is to be a new or old boat, and without stating the time of delivery, partly for cash and partly for credit, and after the boat has been delivered and default made on the deferred payment, the company files a lien against the boat, and issues of fact are framed as to whether the boat delivered conformed to the contract, and whether it had been delivered in proper time, findings by a jury on these issues in favor of plaintiff, will not preclude the court from subsequently passing adversely to the plaintiff on the question of its right to file a lien for the unpaid purchase-money.

Argued Oct. 27, 1916. Appeal, No. 95, April. T., 1917, by plaintiff, from order of C. P. Allegheny Co., Jan. T., 1916, No. 1400, dismissing libel to enforce maritime lien in case of The Hazelwood Dock Company v. One House Boat, Hugh J. Palmer and Marion G. Palmer, Owners. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Libel to enforce a lien against a boat for $500 for unpaid purchase-money.

The contract under which the lien was filed was as follows:

Pittsburgh, Pa., April 21, 1915.

Mr. Hugh J. and Mrs. Marion G. Palmer,
No. 205 Coltart Avenue,
Pittsburgh, Pa.

Dear Sir and Madam:

We hereby propose to furnish you a house boat, which would measure fifteen feet wide, fifty-two feet long, full length gunnels in the hull, eight foot platforms on each end, the inside of the boat thirty-five feet long, fourteen feet wide, which we would divide into two large rooms

about seventeen feet long, fourteen feet wide each, and the roof would come over the platform at one end four feet with a closet built on this end, the other end to be closed in for a kitchen, with a pump to lift the water out of the river and some cupboards placed in the kitchen. The cabin would be well constructed out of white pine flooring four windows on each side of boat on pulleys and the inside of the rooms lined with yellow pine finish, stained the natural finish of the wood. The outside painted two coats of white paint and the roof covered with good roofing paper and painted black. White pine doors between the rooms and on ends of the boat, with all hardware, glass, for the sum of $800. Three hundred dollars cash and a note for the balance of $500, for thirty days, with the understanding that each time the note comes due, there will be a payment of $50 made on the same, there is to be two guards on this boat.                Yours truly,

Hazelwood Dock Company,

C. J. Kappler.

ATTESTED:

Mrs. Marion G. Palmer,
Hugh J. Palmer.

We hereby agree not to take this boat away from Pittsburgh, without notifying the Hazelwood Dock Company, until the boat is paid for in full.

Issues of fact as to whether the boat conformed to the contract, and as to whether it had been delivered in due time were tried by a jury and a verdict rendered in favor of the plaintiffs. Subsequently the court dismissed the libel on the ground that plaintiffs were not entitled to a lien.

*Error assigned* was in dismissing the libel.

*Lowrie C. Barton,* for appellant.—Questions of fact raised by the answer, were for the jury, and it was the

duty of respondent to have raised all questions at the trial, and not having done so, and the jury having found against them, they are bound and concluded by the verdict: Schwan v. Kelly, 173 Pa. 65-71; Rauwolf v. Glass, 184 Pa. 237; Maher's App., 4 Atl. 184.

Plaintiff had a right to a lien: The International, 89 Fed. 484; Barnes Co. v. Dredgeboat, 169 Fed. 895; Steamboat Dictator v. Heath, 56 Pa. 290; Walker v. Anschutz, 6 W. & S. 519; Jones v. Shawhan, 4 W. & S. 257; Scull v. Shakespear, 75 Pa. 297; Price v. Kirk, 90 Pa. 47; Rush v. Able, 90 Pa. 153; Bank v. Griers, 35 Pa. 423.

*Samuel H. Bradshaw*, for appellees.—The plaintiff was not entitled to a lien: Peoples Ferry Co. v. Beers, 20 Howard 393; Walker v. Anschutz, 6 W. & S. 519; Steamboat Dictator v. Heath, 56 Pa. 290; Scull v. Shakespear, 75 Pa. 297.

A maritime lien for repairs and supplies cannot be acquired where it appears that the repairs and supplies were furnished upon the credit of the owners and not the vessel: Moore v. Lincoln Park & Steamboat Consolidated Co., 196 Pa. 519; Porter's Est., 22 P. L. J. 129; Welsh v. Cabot, 39 Pa. 342; Turnbull v. Enterprise, 1 Hopk. Adm. 171, Bee 345.

OPINION BY PORTER, J., July 13, 1917:

The plaintiff, a corporation, entered into an agreement in writing to deliver to Hugh J. Palmer and Marion G. Palmer a house boat of certain dimensions and finished in a manner specified, for the sum of $800.00, of which $300.00 was to be paid in cash and a note was to be given for the balance of $500 for 30 days, upon which note there was to be a payment of $50 each time it was renewed. The contract did not state whether the boat was to be a new or an old one, nor did it indicate whether, if the boat was new, it was to be built by the libellant, nor did it fix the time of delivery. A house boat was deliv-

ered to the Palmers on May 6, 1915, and they then made
the cash payment. Default having been made in pay-
ment of the amount for which credit was given, the cor-
poration instituted this proceeding in rem against the
house boat and caused Palmer and his wife to be sum-
moned as owners. The libel averred that the house boat
was engaged in navigation on the Ohio, Allegheny and
Monongahela rivers and their tributaries; that the boat
had been built by libellant under the provisions of the
contract in writing, a copy of which was attached, and
delivered to the respondents, that there was due and
payable to libellant the sum of $500, the balance of
purchase-money for the boat, and that under the acts of
assembly of the State of Pennsylvania libellant has a
lien for said amount against said boat. The respondents
filed an answer admitting that the house boat was en-
gaged in navigation of the rivers, as alleged in the libel;
that they had entered into the contract and had paid the
sum of $300, at the time the boat was delivered, and
that they had been in possession of the same since that
time. The answer denied that the boat had been built
in accordance with the specifications, dimensions and
materials set forth in the contract, and stated that the
value of the boat was reduced by reason thereof to the
extent of $500 for which they claimed a set-off. The
answer also averred that the libellant had failed to de-
liver the boat at the time agreed upon and that as a con-
sequence they had suffered damage to the extent of
$100. The answer explicitly denied that there was any
act of assembly which gave the libellant a lien upon the
house boat for the unpaid balance of purchase-money,
and averred that the court was without jurisdiction to
condemn the boat and order it to be sold. The court, on
motion of proctor for libellant, without disposing of the
questions of law raised by the answer, ordered an issue to
be framed, to be tried by a jury, "and the matters to be
determined shall be the questions of fact raised by the
answer." That issue was tried and resulted in a ver-

dict "for the plaintiff for $501.09." The court subsequently, on motion of proctor for libellant, granted a rule on the respondents to show cause why a decree should not be entered that the libellant recover of the said house boat the sum of $501.09 with costs and that the boat be condemned and sold to pay the same. The respondents thereupon filed objections to the entry of this decree upon the ground that it appeared from the pleadings that the libellant built the house boat under a contract to deliver it, when completed, to the respondents, that under such a contract the acts of assembly gave no lien to the libellant for the unpaid balance of purchase-money, and that the court was without jurisdiction to decree that the boat be condemned and sold. The court below after a hearing held that the libellant had no lien upon the house boat and entered a decree dismissing the libel. The libellant appeals from that decree.

The libellant contends that all questions of law as well as of fact involved in the right of the appellant to have the boat condemned and sold must be accepted as determined by the verdict of the jury and judgment thereon, under the issue directed by the court to be tried. What was really settled by that judgment must depend upon what questions were submitted to the jury. The proctor for libellant had caused that issue to be framed and the libellant is not in position to complain if it was not framed as he may now wish that it had been. Under the issue as framed the only questions to be settled by that trial were "the questions of fact raised by the answer." The only questions of fact raised by the answer were: (1) Had the libellant completed the house boat according to the contract and (2) Had the respondents been damaged by the failure of the libellant to deliver the boat at the time agreed upon. The verdict of the jury settled those questions and nothing more. It was proper for the court below to submit the issue in this form, as the procedure in cases of this character is that provided by the Act of June 13, 1836, P. L. 617, under the

thirteenth section of which "All questions of fact which arise under this act, shall be tried by a jury of the county, forthwith, upon the joining of an issue therein by the parties, unless they shall agree, by writing filed, to refer the same to arbitrators, by rule of court." The determination of these disputed questions of fact is but one step in the proceeding. The court, after the facts have been ascertained, proceeds to determine the legal rights of the parties and enter the proper decree. We have examined the record of the trial upon the questions of fact and find that no question was considered by the court or submitted to the jury which was not strictly within the lines limited by the issue as framed. The verdict and judgment upon it did not determine that the libellant had a lien upon the house boat for this debt.

That this appellant had no lien upon the house boat by virtue of the provisions of the Act of June 13, 1836, P. L. 616, is a question which has long been settled: Walker v. Anshutz, 6 W. & S. 519. It contracted with Palmer and his wife to deliver them a house boat for a fixed price to be paid in a certain manner. The contract did not require that it be a new boat, the provisions of the written agreement would have been satisfied by delivering an old one of the dimensions and which answered the specifications of the contract. Let it, however, be assumed that the contract required the libellant to build a new boat, furnishing all the labor and materials, and deliver it completed to the respondents, it was but a sale of the boat, as it would sell any other chattel, on the personal credit of the buyer. In no part of this contract is there any agreement to deliver the boat before completion, nor is such an intent discoverable. The respondents were not entitled to possession of the vessel until it was finished and delivered to them by the libellant. The libellant was, therefore, the owner when the work was done and the materials furnished. Had a lumber dealer furnished material to or a boat builder done work upon the boat while the libellant continued to be the owner,

they might have had a lien upon the boat. But what this libellant did was to furnish material and do work upon his own property: Scull v. Shakespeare, 75 Pa. 297. Had these respondents owned the house boat during the time it was being constructed, and had they procured materials and labor to be furnished in completing it an entirely different question would have been presented: The Odorilla v. Baizley, 128 Pa. 283. It is argued on behalf of appellant, however, that it is entitled to a lien under the Act of April 20, 1858, P. L. 363, which applies to vessels navigating the Allegheny, Monongahela and Ohio rivers, in this State. This act has, in some respects, more scope than the Act of 1836. Under its provisions a vessel is bound for debts contracted by the owner or owners, agent, consignee, master, clerk or clerks of such ships, steam or other boats or vessels of whatever kind, whereas the Act of 1836 rendered vessels liable to a lien for debts contracted by the master or owner thereof, the class of persons who might bind the vessel was thus extended. It also rendered vessels liable to a lien for, among other things, supplies, provisions, chairs and furniture, supplied by dealers in such articles. In Steamboat Dictator v. Heath, 56 Pa. 290, it was held that, under the provisions of this statute, one who built a cabin upon the hull of a steamboat, in possession of the owners was entitled to a lien. That decision was, however, put upon the ground that the boat was in the possession of the owners and that the work was done for them. It appears in the report of the case that the contract under which the cabin was built required the owners to deliver the hull at the Pittsburgh wharf. The opinion of the Supreme Court distinctly states that "The steamboat was in the possession of the contractor, and the work was done on it while in his possession and control; and if the law allows no lien in such a case, there is nothing to prevent the owner going to sea without paying." That in using the word "contractor" the court referred to the contracting owner is made very clear in

the second part of the opinion in which it is said "Nor do we discover anything like error in the admission of the conversation of Captain Donaldson, part owner and contractor for the work. He had, by the contract, the right to direct the manner and style in which the work was to be done." This case is in entire harmony with Walker v. Anshutz and Scull v. Shakespeare, which were decided under the Act of 1836. We find nothing in the Act of 1858, nor in the latter Act of June 24, 1895, P. L. 251, amending certain sections of the Act of 1836, in so far as those statutes are applicable to the facts in this case, that would warrant us in holding that this case is not directly ruled by the decision in Walker v. Anshutz, supra. When one builds a boat, furnishing all the labor and materials and then sells the boat upon credit, the statutes give him no lien for the unpaid balance of purchase-money. And when he contracts to build a boat, to be delivered to another at a fixed price after its completion, he remaining the owner during the process of construction and until delivery, and then delivers the boat without taking security for the purchase-money, he cannot subsequently assert a lien upon the boat by virtue of any provision in these statutes. The specifications of error are dismissed.

The decree is affirmed and the appeal dismissed at costs of the appellant.